# United States District Court
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JEM MIXON, TERRENCE LOGAN, RONALD SMITH, PAUL FLICK, MELISSA SINDONI, DOMINICK CLEMENTE, WHITNEY SEXTON, CLINTON MAYBERRY, CARL FOSTER, KEITH WOODALL, ROBERT REDMOND, ANDREW HALPNER, ANTHONY DE LOSADA, PATRICK TWYMAN, JAMES VEREEKE, STEPHEN DISCHINO, STEVE SNOWDEN, NATHAN DONCHEZ, and TOM HARMON, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | § § § § § § § § § § § § § § § § § | |
| *Plaintiffs,* | § § | Civil Action No. 4:24-cv-1018 Judge Mazzant |
| v. | § § | |
| TOYOTA MOTOR CORPORATION; TOYOTA MOTOR SALES, U.S.A., INC.; and TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., | § § § § § § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Toyota's Partial Motion to Dismiss and Motion to Strike Plaintiffs' Class Allegations (the "Motion to Dismiss") (Dkt. #34) and Toyota's Amended Rule 12(c) Motion for Partial Judgment on the Pleadings Based on Applicable Statutes of Limitation (the "Motion for Judgment on the Pleadings") (Dkt. #73). Having considered the Motions and the relevant pleadings, the Court finds that the Motions should be **DENIED**.

## BACKGROUND

This putative class action arises from an alleged product defect. Several individuals[1] bring suit against Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., Toyota Motor North America, Inc., and Toyota Motor Engineering & Manufacturing North America, Inc. (collectively, "Defendants").

Plaintiffs allege that the door lock actuator in several Toyota vehicle models unexpectedly ceases to function. The defect results in car doors that cannot be locked or unlocked using a remote key fob or the power door locks on the interior door panels. Allegedly, Defendants have long been aware of the defect—and deceived consumers to avoid accountability. Now, Plaintiffs seek redress. They assert a myriad of causes of action arising under federal law and the law of several states. Plaintiffs also seek relief on behalf of a nationwide class, or, in the alternative, fourteen state subclasses. Plaintiffs currently define the nationwide class as:

> All persons or entities in the United States who are current or former owners and/or lessees of a Class Vehicle.[2]

On June 12, 2025, Defendants filed their Motion to Dismiss (Dkt. #34). After a response and reply were filed, Plaintiffs filed a sur-reply (Dkt. #45; Dkt. #51; Dkt. #64).[3] To support their opposition, Plaintiffs filed a declaration accompanied by several state law surveys (Dkt. #46).

---

[1]  The named plaintiffs are Jem Mixon, Terrence Logan, Ronald "RJ" Smith, Melissa Sindoni, Whitney Sexton, Paul Flick, Clinton Mayberry, Carl Foster, Keith Woodall, Robert Redmond, Andrew Halpner, Anthony de Losada, Patrick Twyman, James Vereeke, Stephen DiSchino, Steve Snowden, Nathan Donchez, and Tom Harmon, on behalf of all others similarly situated (collectively, "Plaintiffs").

[2]  Former vehicle owners who experienced no defect are excluded (Dkt. #63 at pp. 144, 146). The state subclasses are similarly defined, with each definition changing only the name of the state. For example, the Florida Class is defined as: "All persons or entities in the State of Florida who are current or former owners and/or lessees of a Class Vehicle and all persons or entities who purchased or leased a Class Vehicle in the State of Florida" (Dkt. #63 at p. 144).

[3]  Defendants filed a Supplemental Brief in Response to Plaintiffs' New Complaint (ECF 63) and in Support of Rule 12(b) and 12(f) Motion (ECF 34) (Dkt. #65). The parties, with the consent of the Court, agreed that the filing of a subsequent complaint did not moot Defendants' Motion to Dismiss (Dkt. #54).

The Motion to Dismiss challenges the viability of Plaintiffs civil RICO claims[4] and claims that sound in deceptive trade practices[5]. Defendants also ask the Court to dive into the Rule 23 class action requirements—specifically, predominance under Rule 23(b)(3)—and strike the class allegations. Additionally, Defendants ask the Court to strike the class definitions because, in Defendants' view, they include individuals without standing.

Plaintiffs insist that they have alleged plausible RICO and DTPA claims. And, in Plaintiffs' view, the request to strike the class definitions is a premature attempt to circumvent the rigorous Rule 23 analysis for class certification. Plaintiffs also argue that if the Court does reach predominance now, striking the class definitions is unwarranted because common issues predominate over individual issues in the case.

On October 7, 2025, Defendants filed their Motion for Judgment on the Pleadings (Dkt. #73). After a response and reply were filed, Plaintiffs filed a sur-reply (Dkt. #75; Dkt. #78; Dkt. #79). The Motion for Judgment of the Pleadings focuses on statutes of limitations. Namely, Defendants argue that the nationwide class includes individuals with time-barred claims. As to the alternate state subclasses, Defendants argue that four are unviable because the named Plaintiffs from those states have time-barred claims. Defendants attach a state law survey (Dkt. #73-1).

Once more, Plaintiffs respond that Defendants' arguments are premature at the pleading stage. But if the Court reaches the arguments now, Plaintiffs argue, Defendants should still lose because Plaintiffs viably allege that several tolling doctrines under federal and state law apply.

---

[4]  The Racketeer Influenced and Corrupt Organizations Act (RICO) is codified at 18 U.S.C. §§ 1961–68. Plaintiffs allege that Defendants violated 18 U.S.C. §§ 1962(c), 1964(c) (Dkt. #63 at p. 148).

[5]  Plaintiffs seek relief under Texas's Deceptive Trade Practices Act (DTPA) (Dkt. #63 at p. 152). TEX. BUS. & COM. CODE §§ 17.41, et seq. Alternatively, on behalf of state subclasses, Plaintiffs rely on state statutes prohibiting unfair and deceptive trade practices. *See, e.g.*, N.C. GEN. STAT. § 75-1.1, et seq., GA. CODE § 10-1-370, et seq.

**LEGAL STANDARD**

### I.    Dismissal Under Rule 12(b)(1)

"Federal courts have no jurisdiction unless a case or controversy is presented by a party with standing to litigate." *De Leon v. Perry*, 975 F. Supp. 2d 632, 645 (W.D. Tex. 2014*), aff'd sub nom. De Leon v. Abbott*, 791 F.3d 619 (5th Cir. 2015). A court properly dismisses a case where it lacks the statutory or constitutional power to decide it. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Dismissal for lack of subject matter jurisdiction is warranted when "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Gilbert v. Donahoe*, 751 F.3d 303, 307 (5th Cir. 2014) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*, 281 F.3d at 161.

Standing is a component of subject matter jurisdiction, and it is properly raised by a motion to dismiss under Rule 12(b)(1). *See Mollis v. Lynch*, 121 F. Supp. 3d 617, 626 (N.D. Tex. 2015) (noting that "whether a party has proper standing is a question of subject matter jurisdiction" (citing *Cobb v. Cent. States*, 461 F.3d 632, 635 (5th Cir. 2006))). The requirement that a litigant must have standing "to invoke the power of a federal court is perhaps the most important of [the case-or-controversy] doctrines." *Allen v. Wright*, 468 U.S. 737, 750 (1984), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014).

The requirement of standing has three elements: (1) injury in fact, (2) causation, and (3) redressability. *See Bennett v. Spear*, 520 U.S. 154, 167 (1997). The injury cannot be merely

4

"conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Causation requires that the injury "fairly can be traced to the challenged action of the defendant" rather than to "the independent action of some third party not before the court." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976). Redressability requires that it is likely, "as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.' " *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (quoting *Simon*, 426 U.S. at 38, 43). The party invoking federal subject matter jurisdiction bears the burden of establishing each element. *Ramming*, 281 F.3d at 161.

## II.    Dismissal under Rule 12(b)(6)

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *In re S. Scrap Material Co.*, LLC, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570).

## III.   Dismissal Under Rule 9(b)

Rule 9(b) states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b).

Rule 9(b)'s particularity requirement generally means that the pleader must set forth the "who, what, when, where, and how" of the fraud alleged. *United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005). A plaintiff pleading fraud must "specify

6

the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002). However, when a plaintiff is alleging an omission of facts, Rule 9(b) typically only requires that a party plead the "type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading." *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 381 (5th Cir. 2004).

The goals of Rule 9(b) are to "provide[] defendants with fair notice of the plaintiffs' claims, protect[] defendants from harm to their reputation and goodwill, reduce[] the number of strike suits, and prevent[] plaintiffs from filing baseless claims." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009) (citing *Melder v. Morris*, 27 F.3d 1097, 1100 (5th Cir. 1994)). Courts are to read Rule 9(b)'s heightened pleading requirement in conjunction with Rule 8(a)'s insistence on simple, concise, and direct allegations. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). However, this requirement "does not 'reflect a subscription to fact pleading.'" *Grubbs*, 565 F.3d at 186.

Failure to comply with Rule 9(b)'s requirements authorizes the Court to dismiss the pleadings as it would for failure to state a claim under Rule 12(b)(6). *United States ex rel. Williams v. McKesson Corp.*, No. 3:12-CV-0371-B, 2014 WL 3353247, at *3 (N.D. Tex. July 9, 2014) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

## IV.    Motion to Strike Under Rule 12(f)

Upon motion or sua sponte, the Court may strike from any pleading any "redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Motions under Rule 12(f)

7

are disfavored. *Fed. Deposit Ins. Corp. v. Cheng*, 832 F. Supp. 181, 185 (N.D. Tex. 1993). A court should not strike any portion of a pleading as irrelevant unless: (1) there is no possible relation between the challenged portion of the pleading and the underlying controversy; and (2) the challenged portion may prejudice the moving party. *See OKC Corp. v. Williams*, 461 F. Supp. 540, 550 (N.D. Tex. 1978).

## V.      Judgment on the Pleadings under Rule 12(c)

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citation omitted); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312–13 (5th Cir. 2002). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)).

"Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Great Plains Tr.*, 313 F.3d at 312 (internal quotation marks omitted) (quoting *Hughes*, 278 F.3d at 420). The standard applied under Rule 12(c) is the same as that applied under Rule 12(b)(6). *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009); *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

## ANALYSIS

The Court addresses the Motion to Dismiss first, then turns to the Motion for Judgment on the Pleadings. Ultimately, both will be denied.

### I.    The Motion to Dismiss

This section proceeds in three parts. The Court begins with standing—and concludes that it need not analyze the standing of unnamed class members at this stage. The Court then turns to predominance, concluding that striking the class definitions would be premature. Finally, the Court addresses whether Plaintiffs viably allege RICO and DTPA claims, finding that they do.

#### A.    Standing

Defendants argue that the class definitions include individuals that have not suffered injury and, therefore, lack standing. It is true that "Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) (citation modified). Yet the Supreme Court has not decided the "distinct question [of] whether every class member must demonstrate standing *before* a court certifies a class." *Id*. at 431 n.4 (citing *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1277 (11th Cir. 2019)).

Defendants argue that the class should be struck now because a person without standing cannot "sneak in" through a class action (Dkt. #34 at p. 34 (citing *Bertulli v. Indep. Ass'n of Cont'l Pilots*, 242 F.3d 290, 294 (5th Cir. 2001)). But Defendants direct the Court to no authority requiring a standing analysis for putative class members at the pleading stage. *Bertulli* held that "[s]tanding is an inherent prerequisite to the *class certification inquiry*," and provides no guidance on pre-certification standing. 242 F.3d at 294 (emphasis added).

Relatively recent Fifth Circuit precedent suggests that a Rule 12(b)(1) analysis at the pleading stage would be inappropriate for unnamed class members. In *Cruson v. Jackson National*

*Life Ins. Co.*, the Fifth Circuit considered whether a defendant waived a personal jurisdiction defense by failing to include it in its Rule 12 motions. 954 F.3d 240, 249 (5th Cir. 2020). The issue was whether the defense was "available" under Rule 12(g)(2), which governs waiver of Rule 12 defenses, when the Rule 12 motions were filed. *Id.* at 250. The Fifth Circuit held that it was not. *Id.* The defense concerned putative class members—so those members "were not yet before the court" prior to certification. *Id.* The Fifth Circuit explained that certification is the "critical act" that renders unnamed class members "subject to the court's power." *Id.* (citation modified). *Cruson* cited another court for the proposition that "[p]utative class members become parties to an action—and thus subject to dismissal—only after class certification." *Id.* (internal quotation marks omitted) (quoting *Molock v. Whole Foods Mkt. Grp., Inc.*, 952 F.3d 293, 298 (D.C. Cir. 2020)).

The Fifth Circuit also relied on an Eleventh Circuit decision, which held that "[a]bsent class certification, there is no justiciable controversy between [the defendant] and unnamed putative class members." *Id.* at 251 (quoting *In re Checking Account Overdraft Litig.*, 780 F.3d 1031, 1037 (11th Cir. 2015)). Applying the Eleventh Circuit's reasoning, the Fifth Circuit concluded the personal jurisdiction defense was not "available" because the putative class claims were not yet before the court and were merely hypothetical. *Id.* Following that reasoning here, the unnamed class members in this case are not subject to dismissal under Rule 12(b)(1) because their claims remain hypothetical at this stage.

The Court finds further support for its conclusion in *Flecha v. Medicredit, Inc.*, 946 F.3d 762, 768–69 (5th Cir. 2020). There, the Fifth Circuit was faced with a class definition that "undoubtedly" included individuals without standing. *Id.* at 768. But the class failed under Rule 23, so the Fifth Circuit did not reach the issue of standing for unnamed class members. *Id.* at

10

768–69. "After all, if there is no class action under Rule 23, then there are no unnamed class members in the suit—and thus no attendant class standing concerns." *Id.* at 769. Here, there are no class standing concerns because the unnamed class members are not in the suit.[6]

As a result, the Motion to Dismiss will be denied on this ground.

### B.    Predominance

Defendants' challenge to predominance focuses on choice-of-law issues. They argue that a "hopelessly unwieldy choice-of-law analysis precludes any possibility of certifying a nationwide class under Rule 23 and should be stricken under Rule 12(f)" (Dkt. #34 at p. 30 (citation modified for readability)).

The argument rests on the premise that the Court cannot constitutionally apply Texas law to the nationwide class. If that is true, Defendants argue that the Court will need to examine the class claims under the law of fifty-one jurisdictions—a substantial hurdle to predominance. *See, e.g.*, *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 741 (5th Cir. 1996) ("In a multi-state class action, variations in state law may swamp any common issues and defeat predominance.").

Defendants' argument relies on *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821 (1985). *Shutts* held that, to satisfy due process, the law of a state must have a "significant contact or significant aggregation of contacts" to the claims asserted "by each member of the plaintiff class . . . ." 472 U.S. 797 at 821 (citation modified). The contacts must create "state interests" so that the application of the state's law is not "arbitrary or unfair." *Id.* at 821–22 (citation modified).

---

[6]  *Flecha* makes clear that when named plaintiffs lack standing, that must be addressed prior to certification. *Flecha*, 946 F.3d at 769. Here, Defendants do not question the standing of the named Plaintiffs, and the Court finds they have standing. As to the unnamed class members, the Court notes that, even if the case reaches the certification stage, this circuit has "not yet decided whether standing must be proven for unnamed class members, in addition to the class representative." *Id.* at 768 (citing *In re Deepwater Horizon*, 785 F.3d 1003, 1018–20 (5th Cir. 2015)).

Here, the Court finds that examining the aggregation of contacts and state interests implicated by this dispute would be premature at this stage. *See, e.g.*, *Hubbard v. USA Merch. Sys., Inc.*, No. 1:07-CV-044, 2007 WL 9725194, at *10 (E.D. Tex. Aug. 21, 2007) (holding that it would be premature to decide whether Texas law can be applied nationwide at the pleading stage). Thus, the Court will defer consideration of the viability of Texas claims for the nationwide class.

To argue in favor of striking the nationwide class now, Defendants cite *Elson v. Black*, 56 F.4th 1002, 1008 (5th Cir. 2023). In *Elson*, the Fifth Circuit held that the district court did not abuse its discretion when striking a class definition based on state law variations. *Elson*, 56 F. 4th at 1008.

The Court declines to follow the path of the district court in *Elson* for two main reasons. First, despite affirming the district court, the Fifth Circuit disapproved of the district court's "inappropriately brief" analysis of state law variations. *Id.* at 1006. After all, an order striking class definitions is "functionally equivalent to an order denying class certification." *Id.* (citation modified). This Court will err on the side of caution by considering state law variations at the same time it conducts the "rigorous" Rule 23 analysis. *Castano*, 84 F.3d at 740.

Second, nothing in *Elson* suggests that it would have been an abuse of discretion for the district court to defer consideration of predominance until the certification stage. Rather, *Elson* states that courts are "permitted" to strike class allegations when it is "apparent from the complaint" that a class action is unviable. *Elson*, 56 F.4th at 1006 (citing *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007)).[7]

---

[7] Likewise, *John* holds that a district court "may" dismiss class allegations based on the pleadings alone. *John*, 501 F.3d at 445. *John* cites *In re American Medical System Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996) for the proposition that "Mere repetition of the language of Rule 23(a) is not sufficient. There must be an adequate statement of the basic facts to indicate that each requirement of the rule is fulfilled." *Id.* at 445 n.3. To the extent Defendants argue that Plaintiffs have not alleged basic facts supporting each of Rule 23's requirements, the Court disagrees.

12

It may well be that predominance issues will ultimately preclude a nationwide class, but the Court will not issue an order tantamount to a denial of certification based on the pleadings here. *See, e.g.*, *Macormic v. Vi-jon, LLC*, No. 4:20CV1267 HEA, 2021 WL 6119166, at \*4 (E.D. Mo. Aug. 6, 2021) (holding that, at the pleading stage, it would be premature to hold that variations in state law render a class uncertifiable under Rule 23(b)(3)); *Mirfasihi v. Fleet Mortg. Corp.*, 450 F.3d 745, 750 (7th Cir. 2006) ("[T]he choice-of-law issues in nationwide class actions are rarely so uncomplicated that one can delineate clear winning and losing arguments at an early stage in the litigation."); *see also Cole v. Gen. Motors Corp.*, 484 F.3d 717, 724 (5th Cir. 2007) ("The Rule 23(b)(3) *certification inquiry* must . . . consider how variations in state law affect predominance" (emphasis added) (citation modified)).

The Motion to Dismiss will therefore be denied on this ground.

### C.    Failure to State a Claim

Defendants argue that Plaintiffs failed to state a claim under RICO and the DTPA. After reviewing Plaintiffs' complaint and the arguments presented in the briefs, the Court finds that Plaintiffs have stated plausible claims for relief under Rule 12(b)(6). Dismissal is unwarranted.[8]

Accordingly, the Motion to Dismiss will be denied on this ground.

## II.    The Motion for Judgment on the Pleadings

The Motion for Judgment on the Pleadings focuses on statute of limitations issues. Defendants argue that the class definition includes persons with time-barred claims, and that four named Plaintiffs (from California, Florida, Kentucky, and Michigan) have time-barred claims. The

---

[8]  Defendants argued that the pure-economic-loss rule required dismissal of the RICO claims (Dkt. #34 at p. 22). Plaintiffs responded that state pure-economic-loss rules do not apply to RICO claims (Dkt. #45 at p. 18 n.4). Defendants' reply does not address the issue, so the Court considers the argument waived. *See, e.g.*, *Taylor v. Unum Life Ins. Co. of Am.*, No. CV 21-331-JWD-EWD, 2023 WL 2766018, at \*12 (M.D. La. Mar. 31, 2023).

Court addresses the arguments below. Then, the Court concludes by addressing Defendants' request for a Rule 7(a)(7) reply.

### A.   Unnamed Class Members' Claims

At this stage, the Court lacks the power to hold that the claims of unnamed class members are time-barred. *See Cruson*, 954 F.3d at 251 ("Absent class certification, there is no justiciable controversy between [the defendant] and unnamed putative class members . . . ." (internal citations omitted) (quoting *In re Checking Account Overdraft Litig.*, 780 F.3d 1031, 1037 (11th Cir. 2015))). If limitations issues require narrowing the class definitions—or cause individual issues to predominate over common ones—the Court will consider the matter at the class certification stage.

### B.   Named Plaintiffs' Claims

Because a live controversy between the named Plaintiffs and Defendants exists, the Court will consider whether judgment on the pleadings is warranted as to the named Plaintiffs. It is not.

#### 1.   California Plaintiff

After considering the relevant pleadings and the arguments presented in the briefs, the Court concludes that Anthony De Losada has stated plausible claims for relief. Judgment on the pleadings is unwarranted.

#### 2.   Florida Plaintiff

After considering the relevant pleadings and the arguments presented in the briefs, the Court concludes that James Vereeke has stated plausible claims for relief. Judgment on the pleadings is unwarranted.

#### 3.   Kentucky Plaintiff

As to Plaintiff Steve Snowden ("Snowden"), Defendants argue that judgment on the pleadings is required because his claim is barred by Kentucky's statute of limitations and does not

relate back to the filing of the original complaint. On the first point, the Court finds that Snowden has stated a plausible claim for relief. On the second point, the Court finds that Snowden's claims relate back to the filing of the original complaint for the reasons that follow.

Snowden plausibly alleges a claim arising from the same transaction or occurrence set out in the original complaint, and Snowden was connected to the action as an unnamed class member prior to the amended pleading. Thus, the relation-back doctrine applies. *See, e.g.*, *Pappion v. Dow Chem. Co.*, 627 F. Supp. 1576, 1581 (W.D. La. 1986) (explaining that Rule 15(c) permits the addition of plaintiffs if their claim arises from the same transaction or occurrence as the original pleading and the new plaintiffs have been "in some manner already been involved in the action . . . ."); *Dillon v. Clackamas County*, No. 3:14-CV-820-YY, 2018 WL 3539438, at *3 (D. Or. July 23, 2018) ("[W]hen a new class representative is named in an amended complaint, that class representative's claim typically 'relates back' to the filing date of the original class action complaint" (citing *Philips v. Ford Motor Co.*, 435 F.3d 785, 788 (7th Cir. 2006)); *LaDrigue v. City of Bay City*, No. 1:19-CV-11196, 2022 WL 1205000, at *2–3 (E.D. Mich. Apr. 22, 2022) (similar).[9] Judgment on the pleadings is therefore unwarranted.

### 4.   Michigan Plaintiff

After considering the relevant pleadings and the arguments presented in the briefs, the Court concludes that Clinton Mayberry has stated plausible claims for relief. Judgment on the pleadings is unwarranted.

---

[9]   Defendants rely on *Painter* to argue against the relation-back doctrine. In an insurance case, the *Painter* court found that a new plaintiff's claim did not relate back because it arose out of a different policy, owned by a different entity, which covered a different property than the original plaintiff's. *Painter Fam. Invs., LTD., L.L.P. v. Underwriters at Lloyds, Syndicate 4242 Subscribing to Policy No. 42-7560009948-L-00*, 836 F. Supp. 2d 484, 499 (S.D. Tex. 2011). Here, however, the Court finds that Snowden plausibly alleges he fell victim to a "single, nationwide course of conduct in designing, manufacturing, and concealing the defective door actuator" at issue (Dkt. #75 at p. 16).

**C.**     **Rule 7(a)(7) Reply**

For the first time in its reply, Defendants argue that if the Court does not enter judgment on the pleadings, it should order Plaintiffs to file a reply to Defendants' answers. Federal Rule of Civil Procedure 7(a)(7) authorizes the Court to order a reply to an answer. In support of employing the Rule here, Defendants cite *Cunningham v. Cornell University*, 604 U.S. 693, 708 (2025). There, the Supreme Court explained that Rule 7 provides a tool for district courts seeking to "screen out meritless claims before discovery." *Cunningham*, 604 U.S. at 708. Defendants also cite the *Cunningham* concurrence, which strongly encourages courts to use Rule 7 to achieve the prompt disposition of insubstantial claims. *Cunningham*, 604 U.S. at 711 (Alito, J., concurring).

Even assuming that Defendants' request is procedurally proper, taking the allegations in the complaint as true, the Court disagrees that this is the type of seemingly meritless or insubstantial claim that warrants a Rule 7(a)(7) reply. Defendants' request is denied.

## CONCLUSION

It is therefore **ORDERED** that Toyota's Partial Motion to Dismiss and Motion to Strike Plaintiffs' Class Allegations (Dkt. #34) and Toyota's Amended Rule 12(c) Motion for Partial Judgment on the Pleadings Based on Applicable Statutes of Limitation (Dkt. #73) are hereby **DENIED**.

It is further **ORDERED** that Toyota's Rule 12(c) Motion for Partial Judgment on the Pleadings Based on Applicable Statutes of Limitation (Dkt. #71) is **DENIED as moot**.

**IT IS SO ORDERED.**

**SIGNED this 9th day of March, 2026.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE